FILED

AUG 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR HARLEY ROBLETO, AKA Cesar Robleto, | No. 09-71651 |
| Petitioner, | Agency No. A025-413-274 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.[**]

Petitioner Cesar Harley Robleto, a native of Nicaragua, petitions for review

of the BIA order denying his claim of derivative citizenship and ordering his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

removal to Nicaragua. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition for review.

The BIA erred when it held that Robleto had not received derivative citizenship. Under 8 U.S.C. § 1432, the statute in effect in 1999, Robleto received derivative citizenship when his mother was naturalized and his father, who was not a U.S. citizen, did not legitimate him.

We look to California law to determine if legitimation occurred. *Minasyan v. Gonzales*, 401 F.3d 1069, 1076-77 (9th Cir. 2005). Under California Family Code § 7611, a child is legitimated if the father "receives the child into his home and openly holds out the child as his natural child." Cal. Fam. Code § 7611. The BIA, relying in part on the IJ's reasoning, erred in its application of § 7611 when it concluded that Robleto's father had received Robleto into his home. The testimony of Robleto and his mother, which the IJ found credible, as well as the documents produced to the IJ, demonstrate that Robleto's father was only an occasional visitor at Robleto's mother's house. The father never received Robleto into *his* home. *See In re Spencer W.*, 56 Cal. Rptr. 2d 524, 527 (Cal. Ct. App. 1996) (affirming the trial court's determination that the alleged father did not legitimate the child because, while the father lived with the mother and sometimes

took care of the child, he was a guest in the mother's home). Thus, Robleto's father did not legitimate him under California law.

Because Robleto was under 18 when his mother became a naturalized citizen, his father never legitimated him, and the other conditions of 8 U.S.C. § 1432 were satisfied, Robleto acquired derivative citizenship when his mother naturalized. Therefore, he was not subject to removal.

We **GRANT** the petition for review.